UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PAMELA OLSEN, DEIRDRE KETCHAM,
and NOREEN CRIBBIN,

                        Plaintiffs,        MEMORANDUM
                                               OPINION AND ORDER

    -against-
                                               CV 05-3623 (ETB)

THE COUNTY OF NASSAU, DETECTIVE
LIEUTENANT VINCENT ROBUSTELLI,
LIEUTENANT JOSEPH CARINI, SERGEANT
STEVEN ZETH, SERGEANT ROBERT
ATCHISON, DETECTIVE KEN CATALANI
and DETECTIVE KEN SCHMITT, (in their
official and individual capacities),

                        Defendants.
----------------------------------------------------------------X

Currently proceeding before the Court is the jury trial in the above-captioned action as to plaintiffs' claims that they were impermissibly discriminated against in the terms and conditions of their employment with the Nassau County Police Department on the basis of their gender. All of the testimony in the within action having now been completed, pursuant to Rule 50 of the Federal Rules of Civil Procedure, the Court hereby dismisses the following claims: (1) plaintiffs' claims pursuant to the New York Human Rights Law, N.Y. Exec. Law §§ 290 et seq.; (2) plaintiffs' claims pursuant to 42 U.S.C. § 1983 for First Amendment retaliation; (3) plaintiffs' claims, pursuant to 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, against the individual defendants in their official capacities; and (4) plaintiffs' claims, pursuant to 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, against individual defendants Ken Catalani and Ken Schmitt in their

individual capacities.

I.     The New York Human Rights Law Claims

As a "condition precedent" to commencing a tort action against New York municipalities, or any of their officers, agents, or employees, New York General Municipal Law § 50-e requires plaintiffs to file a notice of claim within ninety days after the claim arises. Chesney v. Valley Stream Union Free Sch. Dist., No. 05 Civ. 5106, 2006 U.S. Dist. LEXIS 68137, at *2 (E.D.N.Y. Sept. 22, 2006). "Notice of claim requirements are generally strictly construed, and failure to comply with the requirements typically results in dismissal due to failure to state a cause of action." Id. at *26 (citing Hardy v. New York City Health and Hosp. Corp., 164 F.3d 789, 793-94 (2d Cir. 1999)).

Section 52 of the New York County Law requires the service of a notice of claim "in accordance with section fifty-e of the general municipal law" for "[a]ny claim . . . against a county for damage, injury or death, or for invasion of personal or property rights, of every name and nature," as well as "any other claim for damages . . . alleged to have been caused or sustained in whole or in part because of any misfeasance, omission of duty, negligent or wrongful act on the part of the county, its officers, agents, servants or employees." N.Y. County Law § 52. This notice of claim provision applies to the claims brought by plaintiffs against the County and the individual defendants pursuant to the New York Human Rights Law, New York Executive Law § 290 et seq.

Plaintiffs concede that they have not served a notice of claim upon the County. However, plaintiffs assert that either their EEOC charges or the sworn statements provided to the County

during the course of the County's investigation into those charges suffice to provide the County with the information required to be included in a notice of claim. Accordingly, plaintiffs request that the Court find that their prior complaints and statements are the equivalent of a notice of claim under Section 50-e of the New York General Municipal Law.

However, similar arguments have been expressly rejected by other courts that have considered this issue, and, more recently, by this Court itself, as counsel for both parties are aware. For example, in Wrenn v. New York City Health and Hospitals Corporation, 145 F.R.D. 553 (S.D.N.Y. 1985), plaintiff asserted that he complied with Section 50-e's notice of claim requirement by filing a charge with the EEOC. See id. at 557. In dismissing plaintiff's state law claims for failure to file a notice of claim, the court held that because "Section 50-e contains specific provisions as to the form of the notice and manner of service," a charge filed with the EEOC "does not satisfy the statutory requirements for such notice." Id. (citing cases). Similarly, in Brown v. Massena Memorial, No. 99-CV-1729, 2000 U.S. Dist. LEXIS 4819, at *19-20 (N.D.N.Y. Apr. 7, 2000), plaintiff brought an action pursuant to, inter alia, New York Executive Law § 296 and alleged that her EEOC filing satisfied Section 50-e's notice of claim requirement. In rejecting plaintiff's argument and dismissing her Section 296 claim for failure to file a notice of claim, the court stated that plaintiff's EEOC charge could not serve as a notice of claim. See id. at *21 (citing Baker v. County of Monroe, 47 F. Supp. 2d 371, 375 (W.D.N.Y. 1999)).

Following the foregoing case law, this Court recently rejected plaintiff's assertion that her New York State Human Rights Division complaint should be considered the equivalent of a notice of claim under New York General Municipal Law § 50-e and dismissed plaintiff's state

law claims. See Cody v. Nassau County, No. CV 05-2334, 2008 U.S. Dist. LEXIS 72262, at *65-66 (E.D.N.Y. Sept. 19, 2008). As one district court succinctly stated, "[c]ourts have rejected the proposition that an EEOC complaint may be construed as a notice of claim." Patterson v. City of New York, No. 97 Civ. 7159, 2000 U.S. Dist. LEXIS 5824, at *7-8 (S.D.N.Y. May 3, 2000) (denying plaintiffs' application to substitute their EEOC complaint for the notice of claim) (citing cases).

Moreover, as with the instant action, in Drees v. County of Suffolk, No. 06-CV-3298, 2007 U.S. Dist. LEXIS 46618, at *47-48 (E.D.N.Y. June 27, 2007), the plaintiff attempted to argue that the filing of a notice of claim was unnecessary because defendants had *knowledge* of plaintiff's claims. In disregarding this argument, the court stated that none of the cases plaintiff offered in support "indicate that the notice of claim requirement may be waived where a defendant has otherwise received notice of plaintiff's intended claims." Id. at *48. Similarly, in Oshinsky v. New York City Housing Authority, No. 98 Civ. 5467, 2000 U.S. Dist. LEXIS 1879, at *45 n.5 (S.D.N.Y. Feb. 23, 2000), the plaintiff argued that the notice of claim requirement was obviated because the Housing Authority had received actual notice of his claim. In rejecting this argument, the court stated that while "the 'actual notice' doctrine has been used to justify granting an application to serve a late notice of claim," it has not been used "to obviate serving such a notice." Id. (citing cases). Accordingly, the fact that the County may have received actual notice of the plaintiffs' claims herein through either their EEOC charges or the information discovered by the County during their investigation into those charges does not relieve plaintiffs of the requirement of serving a notice of claim upon the County in order to sustain their New York Human Rights Law claims. Having failed to do so, those claims are

subject to dismissal.

Plaintiffs further assert that if a notice of claim is indeed required, which the Court has already determined that it is, the Court should grant them leave to file a late notice of claim so that their state law claims may be preserved. However, as the case law clearly indicates, this Court is without jurisdiction to consider such an application.

New York General Municipal Law § 50e-(5) provides that "[u]pon application, the court, in its discretion, may extend the time to serve a notice of claim . . . ." N.Y. Gen. Mun. Law § 50-e(5). However, the statute goes on to expressly state that "[a]ll applications under this section shall be made to the supreme court or to the county court" in certain counties. N.Y. Gen. Mun. Law § 50-e(7). Although the New York Court of Appeals has not ruled on this issue, numerous cases in this circuit have interpreted this provision to mean that the "[f]ederal courts do not have jurisdiction to hear complaints from plaintiffs who have failed to comply with the notice of claim requirement, or to grant permission to file a late notice." Van Cortlandt v. Westchester County, No. 07 Civ. 1783, 2007 U.S. Dist. LEXIS 80977, at *23-24 (S.D.N.Y. Oct. 31, 2007) (citing cases); see also Corcoran v. N.Y. Power Auth., 202 F.3d 530, 540 (2d Cir. 1999) (noting that "[t]he appropriate *state* court may extend the time to file a notice of claim" but declining to decide "whether the federal court has such jurisdiction") (emphasis added); Costabile v. County of Westchester, 485 F. Supp. 2d 424, 431 (S.D.N.Y. 2007) (finding that due to Section 50-e(7) of the New York General Municipal Law, the court "lack[s] jurisdiction to decide plaintiffs' application to serve a late notice of claim"); Henneberger v. County of Nassau, 465 F. Supp. 2d 176, 199-200 (E.D.N.Y. 2006) (finding that "Section 50-e(7) permits only certain *state* courts . . . to consider and to grant an application for an extension of time" to serve a notice of claim)

(emphasis in original). Accordingly, "[u]ntil the state legislature amends § 50-e(7) to include federal trial courts," the Court has "no choice but to dismiss for lack of jurisdiction plaintiff[s'] application to file a late notice of claim . . . ." Brown v. Metro. Transp. Auth., 717 F. Supp. 257, 260 (S.D.N.Y. 1989).

The Court is aware that a recent case in this district, Pilitz v. Incorporated Village of Rockville Centre, No. CV 07-4078, 2008 U.S. Dist. LEXIS 72231, at *24 (E.D.N.Y. Sept. 22, 2008), permitted a plaintiff to serve a late notice of clam, finding that under New York General Municipal Law § 50-e(5), the court had "discretion to allow for the filing of a late notice of claim." However, the court in that case appears to have overlooked Section 50-e(7) of the New York General Municipal Law, which, as stated above, mandates that all applications under Section 50-e are to be made to certain state courts, namely "the supreme court or . . . the county court" in certain counties. N.Y. Gen. Mun. Law § 50-e(7). Accordingly, the Court agrees with "the overwhelming weight of authority among district courts in the Second Circuit and finds that Section 50-e(7) permits only certain state courts . . . to consider and to grant an application for an extension of time" to serve a notice of claim." Drees, 2007 U.S. Dist. LEXIS 46618, at *49 (emphasis omitted). Since plaintiffs failed to file a notice of claim with respect to their New York Human Rights Law claims, and since the Court is without jurisdiction to consider plaintiffs' application for permission to file a late notice of claim, the New York Human Rights Law claims against the County and the individual defendants in their official capacity must be dismissed.

With respect to the state law claims against the individual defendants in their individual capacities, "service of a notice of claim is not a condition precedent to the commencement of an

action against a county's employees or agents unless the county is required to indemnify the individual defendants." Costabile, 485 F. Supp. 2d at 432 (citing N.Y. Gen. Mun. Law § 50-e(1)(b)). "The County's duty to indemnify these employees turns on whether they were acting within the scope of their employment . . . ." Grasso v. Schenectady County Pub. Library, 817 N.Y.S.2d 186, 190 (3d Dep't 2006) (citation omitted); see Int'l Shared Servs., Inc. v. County of Nassau, 634 N.Y.S.2d 722, 724 (2d Dep't 1995) (stating that the "obligation to indemnify . . . depends upon . . . whether [the individual defendants] were acting within the scope of their employment . . . in committing the alleged tortious acts") (citing cases). In making this determination, the court may rely on the allegations contained in plaintiffs' complaint. See Costabile, 485 F. Supp. 2d at 432 (finding service of a notice of claim unnecessary for claims against individual defendants in their individual capacities where according to the allegations in the Amended Complaint, "the conduct of defendants appears to fall outside the scope of their employment"); Grasso, 817 N.Y.S.2d at 190 (finding that "the conduct of the coworkers as alleged in the complaint amounts to intentional torts and, thus, falls outside the scope of their employment," which relieved plaintiff of the need to file a notice of claim with respect to her claims against the individual defendants in their individual capacities).

In the within action, "there is nothing in the . . . complaint that could be construed as an allegation against defendant[s] in [their] individual capacit[ies]." Henneberger, 465 F. Supp. 2d at 199 (quotation omitted) (emphasis in original). Rather, all of plaintiffs' allegations pertain to conduct by the individual defendants during the course of their employment with the Nassau County Police Department. Accordingly, plaintiffs' claims against the individual defendants "relate solely to their status as County employees." Id. (citing cases). As such, plaintiffs' failure

to file a notice of claim with respect to their New York Human Rights Law claims "requires dismissal of the state law claims against the County as well as the individual defendants." Id.

II. The Section 1983 First Amendment Claims

To state a prima facie claim of First Amendment retaliation under 42 U.S.C. § 1983, a public employee must demonstrate that "(1) his or her speech was constitutionally protected; (2) that he or she suffered an adverse employment action; and (3) a causal connection exists between the speech and the adverse employment action such that the speech is deemed to be a motivating factor in the determination." Isaacs v. City of New York, No. 04 Civ. 5108, 2005 U.S. Dist. LEXIS 35292, at *29 (S.D.N.Y. Dec. 16, 2005) (citing Morris v. Lindau, 196 F.3d 102, 110 (2d Cir. 1999)). Speech is considered protected where it pertains to a "matter of political, social or other concern to the community." Connick v. Myers, 461 U.S. 138, 146 (1983)). "The heart of the matter is whether the employee's speech was 'calculated to redress personal grievances or whether it had a broader public purpose.'" Ruotolo v. City of New York, 514 F.3d 184, 189 (2d Cir. 2008) (quoting Lewis v. Cowen, 165 F.3d 154, 163 (2d Cir. 1999)). Put another way, the "key inquiry" is "whether the plaintiff made his statements primarily as a 'disgruntled employee or . . . as a concerned citizen.'" Tucker v. New York City, No. 05 Civ. 2804, 2008 U.S. Dist. LEXIS 76900, at *33 (S.D.N.Y. Sept. 30, 2008) (quoting Hanig v. Yorktown Cent. Sch. Dist., 384 F. Supp. 2d 710, 722 (S.D.N.Y. 2005)).

"If an employee's speech is focused on matters personal to the employee, the speech cannot be classified as being on a matter of public concern . . . ." Tucker, 2008 U.S. Dist. LEXIS 76900, at *33 (citing Connick, 461 U.S. at 146). As such, "[s]peech of public concern

does not generally include comments relating to 'internal personnel disputes and working conditions.'" Alexander v. City of New York, No. 02 Civ. 3555, 2004 U.S. Dist. LEXIS 17042, at *39 (S.D.N.Y. Aug. 24, 2004) (quoting Brennan v. Straub, 246 F. Supp. 2d 360, 365 (S.D.N.Y. 2003)); see also Kelly v. City of Mount Vernon, 344 F. Supp. 2d 395, 402 (S.D.N.Y. 2004) ("[S]peech that relates primarily to matters of personal interest of internal office affairs, in which the individual speaks as an employee rather than as a citizen, will not support a First Amendment retaliation claim."). More importantly, for purposes of this case, "it should be emphasized that a First Amendment retaliation claim is narrower in scope than a Title VII retaliation claim in that, for purposes of a First Amendment retaliation cause of action, complaints about individual acts of discrimination or harassment are not generally deemed to be of 'public concern.'" Alexander, 2004 U.S. Dist. LEXIS 17042, at *39 (citing cases).

Here, plaintiffs' complaints about the alleged discrimination defendants subjected them to cannot be said to constitute public speech. Although plaintiffs may have been complaining about what they believed to be discriminatory treatment of women in general within the Eighth Squad, the vast majority of their complaints were personal in nature. Moreover, plaintiffs were not opposing what they perceived to be "system-wide" discrimination within the Nassau County Police Department. See, e.g., Salpaugh v. Monroe Cmty. Hosp., 4 F.3d 134, 143 (2d Cir. 1993) (finding that plaintiff's sexual harassment complaint was not protected speech where it was "personal in nature and related to her own situation" rather than alleging "system-wide" discrimination); Wise v. New York City Police Dep't, 928 F. Supp. 355 (S.D.N.Y. 1996) (finding that sexual harassment complaints constituted matters of public concern where complaints pertained to plaintiff and other women in the police department). Rather, plaintiffs

were only complaining about their own personal treatment within the Eighth Squad, where, consequently, they comprised the entire population of female detectives. "While the complaints did allege discrimination, they made no mention of systemic, pervasive misconduct [within the Nassau County Police Department]; rather, they pertained only to particular individual incidents pertaining to plaintiff[s]." Alexander, 2004 U.S. Dist. LEXIS 17042, at *41; see also Ruotolo, 514 F.3d at 190 ("[R]etaliation against the airing of generally personal grievances is not brought within the protection of the First Amendment by 'the mere fact that one or two of [a public employee's] comments could be construed broadly to implicate matters of public concern.'") (quoting Ezekwo v. New York City Health & Hosp. Corp., 940 F.2d 775, 781 (2d Cir. 1991)).

In addition, there has been no evidence offered from which the Court could conclude that plaintiffs' complaints were calculated to redress a broader public purpose. Rather, the evidence submitted supports a finding that plaintiffs lodged their complaints in an effort to rectify their own individual employment conditions. "Even as to an issue that could arguably be viewed as a matter of public concern, if the employee has raised the issue solely in order to further [her] own employment interest, [her] First Amendment right to comment on that issue is entitled to little weight." Kelly, 344 F. Supp. 2d at 403 (quotation omitted). Accordingly, plaintiffs' complaints do not constitute public speech and, as such, are not protected under the First Amendment.

Based on the foregoing, since plaintiffs cannot establish that they engaged in protected speech under the First Amendment, their claims for retaliation pursuant to 42 U.S.C. § 1983 are hereby dismissed.

III.  The Section 1983 Official Capacity Claims

"[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. Dep't of Soc. Servs., 436 U.S. 658 691 n.55 (1978). To succeed on a claim against a municipal officer in their official capacity, the plaintiff "must still show that a [municipal] custom, policy or practice was the moving force behind the alleged constitutional violations." Escobar v. City of New York, No. 1:05-cv-3030, 2007 U.S. Dist. LEXIS 45952, at *9 (E.D.N.Y. June 24, 2007) (citing Barry v. New York City Police Dep't, No. 01-cv-10627, 2004 WL 758299, at *9 (S.D.N.Y. Apr. 7, 2004)). As such, "[a] suit for damages against a municipal officer *in their official capacity* is the equivalent of a damage suit against the municipality itself." Escobar, 2007 U.S. Dist. LEXIS 45952, at *9-10 (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (emphasis in original); see also Orange v. County of Suffolk, 830 F. Supp. 701, 706 (E.D.N.Y. 1993) ("A suit against a municipal officer in his official capacity is functionally equivalent to a suit against the entity of which the officer is an agent."). "Based upon the understanding that it is duplicative to name both a government entity and the entity's employees in their official capacity, courts have routinely dismissed corresponding claims against individuals named in their official capacity as 'redundant and an inefficient use of judicial resources.'" Dejean v. County of Nassau, No. CV-06-6317, 2008 U.S. Dist. LEXIS 4291, at *14 (E.D.N.Y. Jan 8. 2008) (quoting Escobar, 2007 U.S. Dist. LEXIS 45952, at *10) (citing cases).

Based on the foregoing, to the extent the individual defendants are being sued in their official capacities, any claims against them are "merely duplicative of the action against the [County]." Escobar, 2007 U.S. Dist. LEXIS 45952, at *10 (citing cases). Accordingly, the plaintiffs' claims, pursuant to 42 U.S.C. § 1983, against the individual defendants in their

official capacities, are hereby dismissed. See Dejean, 2008 U.S. Dist. LEXIS 4291, at *14 (dismissing claims against individual defendants in their official capacities as "duplicative and redundant" of the claim against the County); Escobar, 2007 U.S. Dist. LEXIS 45952, at *11 (same); Orange, 830 F. Supp. at 707 (same).

IV.  The Section 1983 Individual Capacity Claims Against Detectives Catalani and Schmitt

Claims brought against defendants in their personal capacity pursuant to 42 U.S.C. § 1983 "ordinarily require[] that the [defendant] be a supervisor or have some position of authority or control over the plaintiff." Quinn v. Nassau County Police Dep't, 53 F. Supp. 2d 347, 355 (E.D.N.Y. 1999) (citing cases). "Otherwise, it is difficult to establish that the abusive action was perpetrated 'under color of state law' rather than as an essentially private act . . . ." Id. (citation omitted). Where the individual defendant is merely a co-worker of the plaintiff, such claims are routinely dismissed for failure to state a claim. See id. (dismissing claim against co-employee on grounds that co-employee "was not acting 'under color of state law'"); see also Pugliese v. Long Island R.R., No. 01 CV 7174, 2006 U.S. Dist. LEXIS 66936, at *20-21 (E.D.N.Y. Sept. 19, 2006) (finding that defendant was "a subordinate, not a supervisor, of [plaintiff], and hence is immune from Plaintiff's § 1983 claims").

Here, there have been no allegations, let alone evidence, that defendants Catalani and Schmitt were supervisors of any of the plaintiffs or held any position of authority with respect to the plaintiffs whatsoever. Rather, they were both detectives at the time of the actions complained of and hence, co-workers of the plaintiffs. In fact, the evidence adduced thus far demonstrates that Schmitt could even be considered subordinate to plaintiffs in that he did not

begin working as a detective until some years after all of the plaintiffs. Based on the foregoing, since defendants Catalani and Schmitt held no supervisory authority over the plaintiffs, they cannot be held liable to plaintiffs under 42 U.S.C. § 1983. Accordingly, the Section 1983 claims against defendants Catalani and Schmitt in their personal capacities are hereby dismissed.

CONCLUSION

For the foregoing reasons, the following claims are hereby dismissed: (1) plaintiffs' claims pursuant to the New York Human Rights Law, New York Executive Law § 290 et seq.; (2) plaintiffs' claims for First Amendment retaliation pursuant to 42 U.S.C. § 1983; (3) the Section 1983 claims against the individual defendants in their official capacities; and (4) the Section 1983 claims against defendants Ken Catalani and Ken Schmitt in their individual capacities. With the dismissal of those claims, defendants Catalani and Schmitt are hereby dismissed from this action in its entirety.

SO ORDERED.

Dated: Central Islip, New York
       November 5, 2008

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge